UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re

RICHARD DAVID SHAN,

    Debtor.

Case No. 16-14992-AJC
Chapter 7

_____/

### DEBTOR'S RESPONSE TO THE TARTELL GROUP'S THIRD MOTION TO ENLARGE TIME TO (1) OBJECT TO DEBTOR'S CLAIMED EXEMPTIONS AND (2) OBJECT TO DEBTOR'S DISCHARGE AND DISCHARGEABILITY OF DEBTS

Debtor, Richard David Shan, responds to the *Third Motion to Enlarge Time to (1) Object to Debtor's Claimed Exemptions and (2) Object to Debtor's Discharge and Dischargeability of Debts* (ECF No. 67) (the "**Extension Motion**") filed by creditors, Jodi Tartell ("**Tartell**"), Hallandale Village, LLC, Hallandale Crossings, LLC, Hallandale Beach Business Center, LLC, Jo-Ran Properties, LLC, Highland Park Ventures, LLC, 2648 Van Buren, LLC, Seventh Avenue Homes, LLC, and interested party, the Joan Geduld 2002 Family Irrevocable Trust Dated June 11, 2002 FBO Jodi Tartell (collectively, the "**Tartell Group**"), and states:

### PRELIMINARY STATEMENT

1.    Twice already the Debtor agreed to extend the deadlines for the Tartell Group to provide them with more time to determine whether cause exists to file an objection to the Debtor's claimed exemptions or to determine whether the filing of a complaint objecting to the Debtor's discharge or to determine dischargeability of their debts is appropriate. So, with the Debtor's consent, this Court entered two separate orders (ECF Nos. 40 and 50), granting the Tartell Group *an additional 108 days (for a total of 152 days from the date of filing the Schedules and Statements)* to file objections to the Debtor's claimed exemptions and *an additional 78 days (for a total of 152 days from the date of filing the Schedules and Statements)* to file a complaint objecting to the Debtor's discharge or to determine dischargeability of their debts.

2. Yet the Tartell Group chose to do nothing at all during this extended period.

3. In fact, since the Petition Date, the Tartell Group has taken no action whatsoever to determine whether cause exists to file any objections or a complaint and only took ***action after*** the Exemptions and Discharge Deadlines expired.

4. The Tartell Group's sole basis for the relief sought in the Extension Motion is that ***the Trustee*** is analyzing the documents produced by the Debtor to the Trustee.

5. Due to their failure to take action, there simply is no basis for this Court to further enlarge the time for the Tartell Group to file objections or a complaint.

6. The Tartell Group have shown no "cause" whatsoever to justify a third extension of time. Having failed to meet their burden of showing "cause" exists to enlarge the deadlines, the Tartell Group's Extension Motion must be denied.

## BACKGROUND

7. On April 6, 2016 (the "**Petition Date**"), the Debtor filed his voluntary petition under Chapter 7 of title 11 of the United States Code. That same day, Shanco Construction Company, an entity wholly owned by the Debtor, filed its voluntary petition under Chapter 7 of title 11 of the United States Code (Case No. 16-14996-BKC-AJC).

8. Joel L. Tabas is the duly appointed Chapter 7 Trustee in this case.

9. Tartell is scheduled as an unsecured creditor with an unliquidated and disputed claim in the Debtor's chapter 7 case, along with Hallandale Village, LLC, Hallandale Crossings, LLC, Hallandale Beach Business Center, LLC, Jo-Ran Properties, LLC, Highland Park Ventures, LLC, 2648 Van Buren, LLC, and Seventh Avenue Homes, LLC.

10. On April 6, 2016, the Clerk of Court issued the Notice of Chapter 7 Bankruptcy Case, setting the original deadline for creditors to file objections to the Debtor's claimed exemptions on June 3, 2016 (the "**Exemptions Deadline**") and the original deadline for creditors to file objections to the Debtor's discharge and the dischargeability of debt on July 3, 2016 (the "**Discharge Deadline**"). With the Debtor's consent, those deadlines were

extended by this Court's Orders dated June 21, 2016 and August 4, 2016 (ECF Nos. 40 and 50).

11. On September 19, 2016, the Tartell Group filed their *Third Motion to Enlarge Time to (1) Object to Debtor's Claimed Exemptions and (2) Object to Debtor's Discharge and Dischargeability of Debts* (ECF No. 67).

12. This time the Debtor objects to the extension of time. The Tartell Group has done nothing to pursue its rights, and the Debtor needs to move forward with his life. There is no reason for the Tartell Group's delay other than dragging out the process for the Debtor. The deadline imposed by the Bankruptcy Code is there for a reason, and a creditor is not entitled to simply ignore that deadline.

## RELIEF REQUESTED

13. The Debtor requests that the Court deny the Tartell Group's request for further enlargement of the Exemptions and Discharge Deadlines as the Tartell Group has failed to show any basis or "cause" to grant the requested relief.

14. Rule 4003(b) of the Federal Rules of Bankruptcy Procedure *expressly* provides:

> a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. *The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension.*

Fed. R. Bankr. P. 4003(b)(1) (emphasis added).

15. Further, Rule 4004(b) of the Federal Rules of Bankruptcy Procedure *expressly* provides:

> [o]n motion of any party in interest, after notice and hearing, the court may **for cause** extend the time to object to discharge. Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired.

Fed. R. Bankr. P. 4004(b)(1) (emphasis added). Therefore, extensions of time to object to a debtor's claimed exemptions or to file a complaint seeking a determination that a debtor not receive a discharge or as to the dischargeability of a debt may be granted only on a showing of "cause." *In re Carlson,* 380 B.R. 906, 908 (Bankr. S.D. Fla. 2008).

16. Creditors are required to file any objection within the deadlines imposed by Bankruptcy Rules 4003 and 4004. In the event special circumstances exist, the court may extend those deadlines. But, taking no action does not constitute special circumstances or cause.

17. As a courtesy, the Debtor has twice agreed to extend the deadlines for the Tartell Group to determine whether cause exists to file an objection to the Debtor's claimed exemptions or to determine whether the filing of a complaint objecting to the Debtor's discharge or to determine dischargeability of their debts is appropriate.

18. Indeed, the Tartell Group was afforded *an additional 108 days (for a total of 152 days from the date of filing the Schedules and Statements)* to file objections to the Debtor's claimed exemptions and *an additional 78 days (for a total of 152 days from the date of filing the Schedules and Statements)* to file a complaint objecting to the Debtor's discharge or to determine dischargeability of their debts.

19. The Debtor should not be prejudiced because they simply chose to do nothing at all during this period.

20. Moreover, the Tartell Group has made no showing as to why they were unable to comply with the Exemptions and Discharge Deadlines other than attempting to shift the responsibility of obtaining and analyzing the Debtor's financial records and information to the Trustee. Such circumstances do not justify or warrant a further enlargement of time. *See In re Miles,* 453 B.R. 449, 450–51 (Bankr. N.D. Ga. 2011) (stating that determination of whether a creditor satisfies the "for cause" standard is within the discretion of the bankruptcy court); *In re James,* 187 B.R. 395 (Bankr. N.D. Ga. 1995) (stating that generally a creditor must show special circumstances to justify an extension of time).

21.  For these reasons, the Debtor respectfully requests that the Court deny the Tartell Group's Extension Motion.

## CONCLUSION

**WHEREFORE**, Debtor, Richard David Shan, respectfully requests that the Court enter an Order (i) denying the Tartell Group's Extension Motion; and (ii) granting such other and further relief as the Court deems just and proper.

Dated:  October 14, 2016

Respectfully submitted,

**SALAZAR JACKSON, LLP**
*Counsel for Debtor, Richard David Shan*
2000 Ponce de Leon Boulevard, Penthouse
Coral Gables, FL  33134
Telephone: (305) 374-4848
Facsimile:  (305) 397-1021
Email:  Jackson@SalazarJackson.com

By:       */s/  Linda Worton Jackson*
              Linda Worton Jackson
              Florida Bar No. 843164

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day via transmission of Notices of Electronic Filing generated by CM/ECF on those parties who are registered to receive notices electronically in this case.

                                          */s/ Linda Worton Jackson*
                                            Linda Worton Jackson

Salazar Jackson, LLP                                     www.SalazarJackson.com

## SERVICE LIST

**Electronic Mail Notice List**

- **Jeffrey P. Bast**   jbast@bastamron.com, jdepina@bastamron.com;kjones@bastamron.com;jmiranda@bastamron.com;dtimpone@bastamron.com;mdesvergunat@bastamron.com

- **Paul J. Battista**   pbattista@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com

- **Connie J Delisser**   cdelisser@mlg-defaultlaw.com, mlgfl-bk@mlg-defaultlaw.com

- **Hayley G Harrison**   hgerson@bastamron.com, jmiranda@bastamron.com;dtimpone@bastamron.com

- **Linda W Jackson**   jackson@salazarjackson.com, Salazar@SalazarJackson.com;Cloyd@SalazarJackson.com;Aguilar@SalazarJackson.com;Davila@SalazarJackson.com;Lee-Sin@SalazarJackson.com

- **Office of the US Trustee**   USTPRegion21.MM.ECF@usdoj.gov

- **Joshua D Silver**   jsilver@tabasfreedman.com, jcepero@tabasfreedman.com

- **Jeffrey R Sonn**   jsonn@sonnerez.com

- **Joel L Tabas**   JLT@tfsmlaw.com, kborrego@tabasfreedman.com;jtabas@ecf.epiqsystems.com

- **Joel L Tabas**   jtabas@tabasfreedman.com, jcepero@tabasfreedman.com;kborrego@tabasfreedman.com